## JOHN T. RATCLIFFE *v.* GEORGE NETHERSUTTS, ADM'R.

**Bond for Deed—Assignment.**
    An assignment of a bond for a deed does not import more than that the bond is genuine and possibly that there is no legal obstruction to its enforcement not appearing upon its face.

**Remedy of Assignee of Bond.**
    In any event the assignee of a title bond cannot compel his assignor to refund the consideration received for the assignment until he has exhausted all his remedies against the signor of the bond.

APPEAL FROM CARTER CIRCUIT COURT.

January 28, 1876.

OPINION BY JUDGE COFER:

The appellee's intestate did not complain of any fraud or misrep-

resentation on the part of the appellant in the assignment of the bond. He did not claim that he was ignorant when he accepted the assignment that Mrs. Ward was the owner of the land.

It appeared from the bond that the title to the land had been derived through Mrs. Ward's father and the assignee must be presumed to have known that she could not be compelled to convey; and if he did not intend to risk her doing so he should have taken an obligation from his assignor to secure him in case he did not succeed in obtaining a conveyance. The assignment is of "the benefit of the bond." This does not import more than that the bond was genuine, and possibly that there was no legal obstruction to its enforcement which did not appear upon its face.

But if it were otherwise, the appellee's intestate has not pursued the remedies he had for the protection of himself and his assignor. He does not appear to have made any effort whatever to obtain a conveyance for several years after he obtained the bond, and not until after the death of Mrs. Ward, leaving infant heirs from whom it was legally impossible to coerce the title. It may be that, if applied to, Ward and wife would have conveyed the land as they had agreed to do, and the failure to apply to them was such want of diligence as would exonerate the assignor if he were otherwise liable.

Again, it was the duty of the appellee's intestate to have sought to recover the purchase money from the husband of Mrs. Ward or from his estate, and he could not under any circumstances compel his assignor to refund the consideration received for the assignment until he had exhausted all his remedies against Ward. This not having been done, the judgment must be *reversed* and the cause remanded with directions to dismiss the action.

The dismission of the appeal prayed in the circuit court is no bar to an original appeal sued out in this court.

*William Bolling, George E. Rue, for appellant.*

*J. M. Elliott, E. B. Wilhoit, for appellee.*